IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **FRANKFORD LASALLE, LLC** as successor-in-interest to **FRANKFORD LASALLE, LTD.** § § § § **Plaintiff,** § § v. § § **THIRD COAST INSURANCE** § **COMPANY,** § § **Defendant.** § | CIVIL ACTION NO. _____ |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, Frankford LaSalle, LLC, as successor-in-interest to Frankford LaSalle, Ltd., files this Original Complaint and would show:

### PARTIES

1. Plaintiff, Frankford LaSalle, LLC ("Frankford LaSalle"), is the successor-in-interest to Frankford LaSalle, Ltd. the named insured under the relevant Policy. The sole member of Frankford LaSalle, LLC, is Financial Holding Corporation, a citizen of Missouri. Frankford LaSalle, LLC filed a Certificate of Conversion to succeed Frankford LaSalle, Ltd. in interest on December 29, 2023.

2. Defendant, Third Coast Insurance Company (hereinafter "Third Coast"), is a surplus lines carrier in Texas, with its principal place of business located in Lansing, Michigan. It can be served with process by serving the Commissioner of the Texas Department of Insurance at Texas Department of Insurance, Chief Clerk Office, PO Box 12030, Austin, Texas 78711-2030.

## JURISDICTION AND VENUE

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Third Coast is a citizen of Michigan. Frankford Lasalle Ltd. is a citizen of Missouri. An actual controversy exists which arises from damage to Frankford LaSalle Ltd.'s real and personal property in Potter County, Texas. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

### A. The Policy

5. Frankford LaSalle and Third Coast entered into an insurance contract, identified as Policy No. STR8-035082-22 ("the Policy"), to insure the real and personal property located at 8200 West Amarillo Blvd, Amarillo, TX 79214 (the "Property").

6. The Policy provided for replacement cost coverage and provided for broad form coverage including "Windstorm (including Hail)."

### B. The Loss and Adjustment

7. On or about February 21, 2023, the Property was damaged by a catastrophic Windstorm event which caused covered damage to the Building. Frankford LaSalle timely notified Third Coast of the loss on April 25, 2023 and otherwise complied with all conditions precedent in the Policy.

8. Third Coast assigned a Third-Party Administrator, Strata Claims Management ("Strata"), and an independent adjuster, Engle Martin & Associates ("EMA") to oversee adjustment of the claim. On May 1, 2023 and May 2, 2023, EMA inspected the Property in

conjunction with the insured's contractor and roofer, Todd Woods with Lions Gate Development and Mr. Frank Hernandez with Hernandez Remodeling. After the inspection, EMA admitted wind-caused damage to the shingles and sections of the carports where the Cee-purlins appeared bent.

9. The day after the inspections, Strata retained Luminary Forensics to perform an engineering evaluation of the Property. On May 18, 2023 and May 19, 2023, Jason Tankersley with Luminary Forensics inspected the Property. Tankersley admitted wind damage to shingle roofing on multiple buildings and admitted that the support structures for the carports were damaged by wind.

10. On June 5, 2023, Strata sent Frankford LaSalle an email explaining the findings of both EMA and Luminary and attached the Luminary report and the corresponding EMA repair estimate. EMA determined that the amount of loss was less than the applicable deductible and Strata refused to issue payment.

11. On October 3, 2023, Frankford sent Strata (1) a repair estimate prepared by its contractor, Lions Gate Development Inc., totaling $2,589,390.79, and (2) a demand that the dispute as to the amount of loss be resolved through the contractual appraisal process. On the same date, Strata sent an e-mail rejecting the Appraisal demand and asserted that there existed no support for the Lions Gate Development scope of repairs.

12. On November 30, 2023, Frankford LaSalle's public adjuster, Michael Fried, sent Strata a report prepared by Forensic Building Science, Inc. ("FBS"), and Probe Forensic Engineering, LLC ("Probe") for review. This report outlined an inspection that utilized test squares to quantify the amount of damaged shingles, and ultimately concluded that the "number of damaged shingles at the property is in the thousands" and recommended a full replacement of the shingled roofs.

13. After review of the FBS report, Luminary admitted that its original damage position was incorrect and that its repair methodology was unsupported. However, EMA asserted that the costs of repairs were still below the applicable Policy deductible.

14. Luminary then reinspected the Property on March 6, 2024. Luminary then admitted *again* that its first and second calculations of the amount of wind-damaged shingles was incorrect. Luminary also admitted the necessity of replacing the steel beams at the damaged carports. However, EMA again asserted that the damage fell below the applicable Policy deductible.

15. Worn out with Luminary's continued admissions that it had incorrectly determined the applicable scope of wind damage and EMA's refusal to calculate and issue the correct payment owed under the Policy, on April 26, 2024, Frankford LaSalle's public adjuster again demanded that the dispute as to the amount of loss be resolved in appraisal. Strata again responded, refusing to agree to participate in the contractual dispute resolution procedure of appraisal, and continuing its efforts to knowingly fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Third Coast's liability has become reasonably clear.

16. On April 30, 2024, Fried sent Strata an e-mail stating:

> Please advise what the remedy will be to move this claim forward. We are doing everything in our power to avoid legal though you are backing us into a corner. Again, at your direction, new evidence was provided and we remain at impasse. Why not agree to work toward resolution jointly vs fighting? This is in no way acting in good faith or fair dealing.

17. On August 9, 2024, Frankford LaSalle's counsel served Third Coast, through Strata, with a Texas Insurance Code section 542A compliant demand letter. The letter asserts that Third Coast's proffered suggestion that appraisal is inappropriate to resolve a dispute as to the amount of loss in the context of a causation dispute was inconsistent with Texas law.

18. Third Coast has consistently refused to make meaningful attempts to investigate and resolve Frankford LaSalle's insurance claim and has actively mischaracterized and manipulated

evidence to misrepresent coverage, the value of the damage, and the cause of the damage, in violation of the Texas Insurance Code by, knowingly:

    a. Failing to comply with internal policies for investigating claims;

    b. Failing to train adjusters and employees in the proper methods of investigating and resolving claims disputes;

    c. Performing a superficial, biased, and conclusory investigation of the damage in the claim;

    d. Failing to adopt policies and procedures necessary to adequately investigate and resolve claims disputes;

    e. Failing to resolve conflicts amongst experts relied upon prior to denying coverage;

    f. Failing to competently apply the facts of the claim to Policy coverage for purposes of making a correct coverage decision;

    g. Failing to adopt policies and procedures necessary to adequately evaluate the qualifications of individuals upon whom the insurer would rely for purposes of investigating and resolving claims disputes;

    h. Failing to adopt policies and procedures necessary to adequately evaluate the veracity of opinions of third-parties;

    i. Attempting to settle the claim without performing a full and adequate investigation of the loss, including reliance upon knowingly incompetent, biased, and conflicted adjusters, and the failure to retain competent engineers, roofing contractors, remediation contractors, and other experts upon whom to rely for purposes of their investigation;

j. Refusing to acknowledge oral and written reports provided by the insured and its agents identifying the cause and scope of damage;

k. Wrongfully denying the claim under the applicable policy based upon an incorrect determination of material facts;

l. Colluding with its adjusters, agents, and engineers to misstate the cause, scope, and value of the damage;

m. Unreasonably delaying settlement offers despite the insurer's liability becoming reasonably clear;

n. Making untrue statements of material fact about the cause, scope, and value of the damage and how the damage applied to the Policy, including that the damage was not caused by a covered cause, that the damage was excluded, that Plaintiff was obligated to allocate amounts between defective workmanship and wind, and that Defendant had completed a competent investigation;

o. Failing within a reasonable time to affirm or deny coverage of a claim;

p. Failing to timely request all items, statements, and forms necessary to resolve the claim;

q. Failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;

r. Failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

s. Compelling Plaintiff to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and

t. Failing to timely pay claims.

19.     Frankford LaSalle provided to Third Coast and its agents all information necessary to pay the claim. All prerequisites under the Policy have been met.

20.     Third Coast continues to refuse to pay the amounts owed under the Policy in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

21.     **Breach of Contract.**  Frankford LaSalle incorporates the allegations of paragraphs 5-20 the same as if fully set forth herein. Frankford LaSalle and Third Coast entered into an insurance contract to insure real and personal property against casualty loss. Frankford LaSalle complied with all provisions of the insurance policy, including but not limited to payment of the premiums and timely notice of the loss. Third Coast breached a material provision of the contract by refusing to pay replacement cost damages and other damages owed under the Policy, after a Covered Cause of Loss. Frankford LaSalle was damaged by Third Coast's breach.

22.     **Violations of the Texas Insurance Code.**  Frankford LaSalle incorporates the allegations of paragraphs 5-20 the same as if fully set forth herein. Defendant violated Texas Insurance Code Section 541.060(a). Specifically, Third Coast knowingly:

   a. Made material misrepresentations regarding how the Policy applied to the causation facts of the damage observed and about the scope and extent of the investigation relied upon by Third Coast for its claims decision;

   b. Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   c. Failed to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

   d. Failed within the deadlines required under Texas Insurance Code chapter 542 to

   affirm coverage of the claim, request all items, statements, and forms, and pay the

   claim; and

  e. Refused to pay the claim without conducting a reasonable investigation with respect

   to the claim.

  21. Third Coast's Unfair Settlement Practices caused direct damages, including the loss of Policy benefits and independent injuries in the form of damages in excess of Policy damages, to Frankford LaSalle which would not have been incurred absent Third Coast's knowing actions, omissions, delays and misrepresentations. The independent injuries are reflected by the increased costs of construction caused by price increases in roofing labor and materials occurring since the date of loss. Plaintiff is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code section 541.152.

  22. **Section 541.060(a)(1) of the Texas Insurance Code.** Third Coast's assertions in Strata's October 5, 2023 letter requiring that it was prerequisite to appraisal that the insured provide "information to support the findings on the extent of storm damage at the Renaissance Apartments is incorrect" and assertions in its October 8, 2024 demand response letter that "Appraisal is not an effective, efficient or otherwise appropriate venue to resolve such disputes [regarding causation, scope, and repairability of the wind damage]" are knowing misrepresentations to a claimant related to material facts and policy provisions related to the coverage at issue. Third Coast misrepresented material facts related to coverage to deny Frankford LaSalle's claim and avoid liability for the damage. *See Albracht v. Indem. Ins. Co. of N. Am.*, No. 2:19-CV-72-Z-BR, 2019 WL 7040333, at *3 (N.D. Tex. Nov. 20, 2019) (Reno, M.J.), *supplemented*, No. 2:19-CV-72-Z-BR, 2019 WL 7040299 (N.D. Tex. Dec. 2, 2019), *report and recommendation adopted*, No. 2:19-CV-72-Z-BR, 2019 WL 7039749 (N.D. Tex. Dec. 20, 2019) ("Albracht has also sufficiently pleaded the 'how' or 'why.' Hamilton's investigation, characterization of material facts relating to coverage, and

conclusions resulted in denial of Albracht's claim, which meant IIC was not required to pay anything on Albracht's claim.").

23. Third Coast's conduct violates section 541.060(a)(1) of the Texas Insurance Code. *See DFWS, LLC v. Atl. Cas. Ins. Co.*, No. 3:20-CV-2499-G, 2020 WL 6946515, at *3 (N.D. Tex. Nov. 24, 2020) (concluding misrepresentations about the facts giving rise to a claim for coverage can constitute a violation of section 541.060(a)(1)); *Caruth v. Chubb Lloyd's Ins. Co. of Tex.*, No. 3:17-CV-2748-G, 2018 WL 3934030, at *3 (N.D. Tex. Aug. 16, 2018) (same); *Glidewell v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *4–5 (N.D. Tex. Aug. 13, 2015) (same); *see also Albracht*, No. 2:19-CV-72-Z-BR, 2019 WL 7040333, at *3 (analyzing plaintiff's 541.060 claim that defendant "mischaracterized the nature and coverage of the loss" by stating "covered property was not damaged by wind, and thus was not damaged by a covered cause of loss").

24. **Section 541.060(a)(2) of the Texas Insurance Code.** Third Coast's continued refusal to participate in the contractual dispute resolution process of appraisal, despite knowing that there was a multi-million dollar dispute as to the amount of loss and that its own experts had admitted the unreliability of their estimates constitutes a knowing failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim in which Third Coast's liability had become reasonably clear.

25. **Section 541.060(a)(3) of the Texas Insurance Code.** Although Third Coast and EMA have repeatedly cited to evidence that the claim shows inadequate construction methodology, Third Coast has never admitted, nor explained that it is required to pay for wind damage that combines with improper construction methods to result in damage. Thus, Third Coast has failed to provide a reasonable explanation of the basis in the Policy for denying Frankford LaSalle's benefits because it has not properly addressed that the combination of covered and

uncovered causes results in a requirement to pay benefits. Third Coast's conduct violates section 541.060(a)(3). *See Khan v. Allstate Fire & Cas. Ins. Co.*, No. CIV.A. H-11-2693, 2012 WL 1601302, at *8 (S.D. Tex. May 7, 2012) ("No false or misleading statements are necessary to make out a successful claim for relief [under section 541.060(a)(3)]; rather, the section creates liability for any inadequate explanation of an insurance claim denial, regardless of its truth or falsity.").

26. **Sections 541.060(a)(2)(A) and 541.060(a)(7) of the Texas Insurance Code.** Third Coast did not attempt to effectuate a prompt, fair, and equitable settlement, despite its reasonably clear liability, and refused to pay the claim without conducting a reasonable investigation. Third Coast's reliance upon a knowingly and admittedly incompetent investigation by EMA and Luminary Forensics, without respect to contradictory engineering reports and estimates supplied by Frankford LaSalle evidences a knowingly unreasonable investigation of the claim prior to denying coverage.

27. Further, Third Coast committed unfair settlement practices in violation of Texas Insurance Code chapter 542, running from, at the latest, October 3, 2023, by:

   a. Failing to, within 15 days (or 30 days for a surplus-lines insurer) of the date of notice of the loss, request from Plaintiff all items, statements, and forms that the insurer reasonably believes would be required (542.055);

   b. Failing to affirm or deny coverage within 15 business days of receiving the information timely requested and identified in 542.055 (542.056);

   c. Failing to pay amounts due within 5 business days (or 20 business days for a surplus-lines insurer) of receipt of the information necessary to pay the claim (542.057); and

   d. Failing to pay the claim in whole within 75 days (90 days for a surplus-lines insurer) after notice of the claim (542.058).

28. Under Texas Insurance Code 542.060, Frankford LaSalle is entitled to a 13% per

annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542 and running until the date that the amount of loss is paid, as well as its attorney's fees and court costs.

## CONDITIONS PRECEDENT

29. All conditions precedent to Frankford LaSalle's right to recover have been fully performed or have been waived by Third Coast.

## ATTORNEY'S FEES

30. **Attorney's Fees.** As a result of Third Coast's failure to pay the amounts due and owing under the policy, Frankford LaSalle retained the undersigned counsel. Frankford LaSalle agreed to pay the undersigned counsel a reasonable fee. Frankford LaSalle is entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

31. **Jury Demand.** Frankford LaSalle demands a jury.

## PRAYER

32. Frankford LaSalle, LLC prays that Third Coast Insurance Company be cited to appear and answer herein and upon hearing that Frankford LaSalle, LLC recover judgment against Third Coast Insurance Company for the following:

    a. Actual damages;

    b. Attorney's fees for services rendered and that are allowed by law;

    c. Post-judgment interest and costs;

    d. Treble damages and exemplary damages as allowed by law;

    e. Penalties and interest as allowed by law; and

      f.    All other relief to which Plaintiff may show itself entitled in law or in equity.

                Respectfully Submitted,

                */s/ Benjamin D. Doyle*
                BENJAMIN D. DOYLE
                State Bar No.: 24080865
                **STOCKARD, JOHNSTON,**
                **BROWN, NETARDUS, & DOYLE, P.C.**
                P.O. Box 3280
                Amarillo, Texas 79116-3280
                (806) 372-2202 - Telephone
                (806) 379-7799 - Fax
                bdoyle@sjblawfirm.com

                **ATTORNEYS FOR PLAINTIFF**